J-S46034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWIN ALAN LARAMY | : | |
| | : | |
| Appellant | : | No. 150 MDA 2017 |

Appeal from the Judgment of Sentence December 22, 2016
In the Court of Common Pleas of Adams County
Criminal Division at No(s):  CP-01-CR-0000143-2010,
CP-01-CR-0000146-2010

BEFORE:    BOWES, OLSON, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JULY 19, 2017**

Appellant, Edwin Alan Laramy, appeals from the judgment of sentence entered by the Court of Common Pleas of Adams County following a revocation of intermediate punishment sentences.  Appellant contends that the sentencing court abused its discretion by failing to consider mitigating evidence presented by Appellant.  Also, counsel for Appellant has filed an Application to Withdraw from representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009) ("the **Anders** brief").  We grant counsel's application to withdraw and affirm Appellant's judgment of sentence.

_____

[*] Former Justice specially assigned to the Superior Court.

The trial court aptly summarizes the factual and procedural histories of

Appellant's case as follows:

> In CP-01-CR-143-2010, Defendant [hereinafter Appellant] was originally charged by criminal complaint dated January 13, 2010, with two counts of criminal attempt to commit indecent assault of a complainant less than thirteen years of age.[] The charges stem from an incident occurring on January 6, 2009 where Appellant was present in a residence in Cumberland Township, Adams County, Pennsylvania. Another adult in the residence observed Appellant in the bedroom of a girl under the age of thirteen years. Appellant was straddling the juvenile on his knees, with his penis in his hand, masturbating near her face. It appeared the juvenile female was sleeping.
>
> In CP-01-CR-146-2010, Appellant was originally charged by criminal complaint dated January 13, 2010, with one count of aggravated indecent assault of a complainant less than thirteen years of age, indecent assault of a complainant less than thirteen years of age, and corruption of minors.[] The female was less than thirteen years of age during the years 2002 and 2006. Appellant digitally penetrated the vagina of the juvenile female, performed oral sex on the juvenile female, and exposed his penis to her.
>
> On July 16, 2010, in accordance with 50 P.S. § 7403, Appellant filed a "Motion for Hearing to Determine Defendant's Competency." Therein, Appellant alleged he fell from a twelve foot ladder on November 17, 2009, received a closed head injury, and had been diagnosed and treated for amnesia. An evidentiary hearing in this matter was held on August 15, 2011, before the Honorable Judge Michael A. George. The Commonwealth presented testimony from psychiatrist Dr. Bruce Wright, and Appellant presented testimony from psychiatrist Dr. John Hume. On August 31, 2011, Judge George entered an Order and Opinion finding Appellant competent to stand trial for the charges pending against him. In this Opinion, Judge George stated:
>
>> As mentioned, Laramy [hereinafter Appellant] claims he cannot meaningfully assist his defense because he suffered a head injury resulting in loss of his

> memory of the relevant time period. However, the Commonwealth suggests Appellant is fabricating his memory loss in a self-serving attempt to avoid prosecution. In resolving this conflict, the Court finds the testimony of Dr. Bruce Wright credible. As Dr. Wright correctly notes, information provided by Appellant to various medical personnel in connection with his evaluation and treatment establishes a pattern of inconsistency indicative of malingering. For instance, while Appellant alleged to one physician that he had no memory of his relationship with his ex-wife and children, he advised another physician that his ex-wife was using the children to retaliate against him because "she didn't want me to have anybody else, so when I moved out she couldn't control me and my money to give her things." Importantly, in discussing the criminal charges against him, Appellant admitted "I'm positive this didn't happen. This is all made up. It's out of revenge." This statement is quite different than a claim that one does not remember the incident and, conversely, whether or not it occurred. Rather, it is an affirmative indication by Appellant that he has a specific memory of the time period at issue.

Trial Cr. Op., 8/31/11, at 2-3.

Judge George also stated "I find as a matter of fact that Appellant's memory is not impaired to the extent it would hamper his ability to assist in his defense. Appellant's self-serving subjective claims to the contrary are not persuasive." Id. at 3-4.

On October 3, 2011, Appellant appeared before Judge Thomas R. Campbell with counsel. In CP-01-CR-143-2010 the Commonwealth amended the Information to regrade count 1 as a felony of the third degree. Thereafter, Appellant entered a plea of nolo contendere to count 1, criminal attempt to commit indecent assault in violation of 18 Pa.C.S.A. § 901(a) and 18 Pa.C.S.A. § 3126(a)(7). In CP-01-CR-146-2010 the Commonwealth amended the Information to regrade count 3, criminal attempt to commit indecent assault, as a felony of the third degree. Thereafter, Appellant entered a plea of nolo contendere to count 3, criminal attempt to commit indecent

assault in violation of 18 Pa.C.S.A. § 901 and 18 Pa.C.S.A. § 3126(a)(7). Appellant appeared with counsel before Judge Campbell on January 19, 2012 for sentencing, and in both cases, pursuant to agreement, Appellant was sentenced to seven years in the intermediate Punishment Program with eleven months in restrictive intermediate punishment. The sentences in each of these cases ran concurrent with each other.

On August 20, 2013, a Motion for Revocation was filed seeking to revoke Appellant's intermediate punishment sentence in both of the above-captioned cases. The motion was based upon allegations that Appellant had violated prison and house arrest rules by moving to an unauthorized location, by appearing in the vicinity of a night club which serves alcohol, by being evicted from his residence, and by not providing Probation with another acceptable address that could be used for house arrest supervision.

On September 24, 2013, Appellant appeared with counsel at the intermediate punishment revocation hearing and acknowledged violating the conditions of his intermediate punishment. In both cases Appellant was resentenced to 7 years of intermediate punishment with 363 days in restrictive intermediate punishment. As in his previous sentence, both cases ran concurrent with each other.

On September 15, 2016, the Commonwealth once again moved to revoke Appellant's intermediate punishment sentences. The basis for the revocation was that Appellant was unsuccessfully discharged from sex offender counseling at Commonwealth Clinical on August 26, 2016.

On October 27, 2016, Appellant appeared with counsel at the intermediate punishment revocation hearing before th[e] court and acknowledged violating the conditions of his sentence of intermediate punishment. Th[e] court directed a presentence investigation be completed, which was to include any sexual offender treatment which Appellant was directed to complete and the results of that treatment.

Appellant appeared with counsel before th[e] court for sentencing on December 22, 2016. Th[e] court had the benefit of a presentence investigation which was completed on November 28, 2016. The presentence investigation report

outlined Appellant's prior criminal history, including the above-captioned criminal convictions for two counts of indecent assault involving two separate juvenile victims and one count of indecent assault from 2001, also involving a juvenile victim. The court also received a report from psychotherapist Ryan C. Owens, a certified sexual offender treatment specialist, who was responsible for Appellant's sexual offender counseling. Information provided from Commonwealth Clinical Group advised that between January 1, 2016 and May 10, 2016, Appellant was absent from group therapy more than five times without an excuse. Appellant was also absent from individual therapy on August 23, 2016 and group therapy on August 24, 2016. Psychotherapist Owens stated "During the course of treatment with this agency, Appellant oscillated between stating he didn't remember committing his prior sexual offenses to disclosing he didn't commit the offenses." Psychotherapist Owens concluded "due to the aforementioned issues, Appellant is not amenable to community-based, outpatient sexual offender treatment at the current time and a higher level of care within a more secure environment is recommended."

In both of the above captioned cases th[e] court sentenced Appellant to no less than 18 months nor more than 84 months in confinement at a state correctional institution with custody credit of 337 days to run concurrent with each other. In imposing sentence, th[e] court noted it had reviewed the presentence investigation, the attachments to the presentence investigation concerning Appellant's sexual offender treatment, a letter from Appellant's wife, entertained the comments of counsel and reviewed the entire file in this matter, including Judge George's 2011 Opinion regarding Appellant's competency. Th[e] court further noted that Appellant's sentences were based on Appellant's convictions for two separate cases of child sexual assault, a prior conviction for child sexual assault, Appellant's failure to successfully complete sexual offender treatment, and the fact that this was a second revocation in both cases. Finding that local efforts had been exhausted, Appellant was sentenced to the custody of state authorities.

On January 19, 2017, Appellant filed Notice of Appeal to the Superior Court of Pennsylvania from the judgment of sentence dated December 22, 2016 on both of the above-captioned cases. In Appellant's Statement of Errors Complained of on Appeal, Appellant averred "the court abused its discretion by not

appropriately taking into consideration Appellant's traumatic brain injury. Because of the brain injury Appellant formerly pled nolo contendere to the original criminal charges yet th[e] court admonished Appellant for his inability to admit the crimes in counseling, which contributed to his termination from counseling." In essence, the sole issue on appeal is that the court abused its discretion by failing to consider mitigat[ing] evidence in sentencing Appellant to a state correctional institution.

Trial Court Opinion, 3/13/17, at 1-6.

Because counsel has filed a petition to withdraw pursuant to *Anders* and its Pennsylvania counterpart, *Santiago*,[1] we must address counsel's petition before reviewing the merits of Allen's underlying claims. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007). We first address whether counsel's petition to withdraw satisfies the procedural requirements of *Anders*. To be permitted to withdraw, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that

---

[1] Instantly, counsel did not file a separate petition with this Court to withdraw his representation. The *Anders* brief, however, contains what appears to be a copy of the petition counsel intended to file, as it bears the caption to the present appeal, the title "Petition to Withdraw as Counsel," averments by counsel that he satisfied all *Anders/Santiago* requirements, a specific request to withdraw, and counsel's signature." *See Anders* Brief at 17. Thus, we can treat the request to withdraw as properly before this Court. *See Commonwealth v. Fischetti,* 669 A.2d 399 (Pa.Super. 1995) (explaining more desirable practice is for counsel to submit separate withdrawal petition to Superior Court; nevertheless, withdrawal request included in *Anders* brief would suffice, where counsel did not file separate petition).

he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc* ).

Here, appellate counsel has stated that after a conscientious examination of the entire record, he "found no merit in any actual or potential issues and is hereby certifying that the appeal is frivolous."  App. to Withdraw, 4/28/17, at 1.  Appellate counsel furnished a copy of the ***Anders*** brief to Appellant, as well as a letter advising him:

> You have the right to retain new counsel, to proceed on your own, that is, *pro se*, and you have the right to raise any additional points with the Superior Court that you deem . . . worthy of the Court's attention.  If you fail to exercise any of these options, the Superior Court could review your appeal based on what I have filed and release me from representing you any further.  If you choose not to exercise the right to raise additional points with the Superior Court, you will be bound by the Superior Court's decision and the brief which I have filed on your behalf.  If you have any questions regarding this letter or what I have done on your behalf, please do not hesitate to contact me at the Public Defender's Office."

Ltr. to Appellant, 4/28/17.

We conclude that counsel's petition to withdraw has complied with the procedural dictates of ***Anders***.

We next address whether counsel's ***Anders*** brief meets the requirements established by the Pennsylvania Supreme Court in ***Santiago***. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that

counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Here, appellate counsel has provided a summary of the procedural history and the facts with appropriate citations to the record. *Anders* brief at 7-8. Counsel's brief states that he conducted a thorough review of the record and determined that any appeal would be frivolous, and set forth his reasons for that conclusion. *Id.* at 9. Accordingly, appellate counsel has substantially complied with the requirements of *Anders* and *Santiago*.

Appellant has not filed a *pro se* brief or a counseled brief with new, privately-retained counsel. We, therefore, review the issue raised in the *Anders* brief to determine if the appeal is frivolous.

Appellant raises the following issue:

Whether the court abused its discretion in sentencing Defendant to no less than 18 months, nor more than 84 months, to be served in a State Correctional Institution, to wit:

Appellant avers the court abused its discretion by not appropriately taking into consideration Defendant's traumatic brain injury. Because of the brain injury Defendant formerly pled Nolo Contendere to the original criminal charges, yet th[e] court admonished Defendant for his inability to admit to the crimes in counseling, which contributed to his termination from counseling.

*Anders* Brief at 6. Our standard of review when considering discretionary aspects of sentencing claims is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Cook*, 941 A.2d 7, 11–12 (Pa.Super. 2007) (internal quotations and citations omitted).

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa.Super. 2004). "Two requirements must be met before we will review this challenge on its merits." *Id*. "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." *Id.* "Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *Id.* A substantial question exists when, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa.Super. 2005). Importantly, "[i]ssues

challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Shugars***, 895 A .2d 1270, 1273–74 (Pa.Super. 2006) (citation and quotations omitted).

We conclude that Appellant has waived his discretionary aspects of sentence claim. Our review of the certified record reveals that Appellant never filed a post-sentence motion challenging the discretionary aspects of his sentence. Additionally, the transcript of the sentencing proceedings reveals that Appellant did not challenge the discretionary aspects of his sentence during sentencing. ***See*** N.T., 12/22/16, at 14-15. Thus, Appellant waived his discretionary aspects of sentence claim. ***See Shugars***, 895 A.2d at 1273–74. Therefore, we deem frivolous the sole issue Appellant raises on appeal.

We have conducted our own independent review and conclude the appeal is wholly frivolous. Accordingly, we affirm judgment of sentence and grant appellate counsel's petition to withdraw.

Judgment of sentence is AFFIRMED. Petition to withdraw is GRANTED.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/2017

- 10 -